# THE MARINE COMPANY OF CHICAGO

*v.*

# BENJAMIN F. CARVER *et al.*

1. PARTNERSHIP — *payment of individual debts of partners with partnership funds — relative rights of the creditors and the other partners.* The duties and obligations between members of a partnership and third parties are reciprocal. So, while it is true that one partner cannot rightfully appropriate the partnership funds in payment of his individual indebtedness, yet it is equally true, that, if he does so appropriate them, his acts, when they come to the knowledge of the other members of the firm, should be clearly and promptly repudiated. No room should be left for doubt, in the minds of the parties concerned, as to whether the act is repudiated or ratified.

2. SAME — *and herein, what will amount to a ratification.* Where a member of a partnership, who was indebted on his own private account, to the bank in which the funds of the firm were deposited, drew a check in the firm name in favor of the bank, which was placed to the credit of his individual account, and the other members of the firm had knowledge of this misapplication of the partnership funds within a month thereafter, but omitted to repudiate the act until four years afterward, when a suit at law was brought in the firm name against the bank to recover the money, it was *held,* however clear the right of

recovery might have been if the act had been promptly repudiated, these facts amounted to a ratification, which would prevent a recovery against the bank.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. SCAMMON, McCAGG & FULLER, for the appellant.

This is an action at law brought in the firm name of a partnership against the bank in which the funds of the firm were deposited, to recover an amount which is alleged to have been misapplied by one of the members of the firm suing, to the payment of his individual indebtedness to the bank.

The right of recovery in such cases rests upon the ground of fraud committed by one partner toward his copartners, and like all other cases of fraud, it should be clearly proved.

In all the reported cases upon this subject, the partner has applied the credits or property in specie, of his firm, to his private account, and we have not found a case where he had paid out the money of his firm in discharge of his private debt, that the firm has brought suit and recovered it back, and the absence of such cases is strong authority against them, where they arise. *Dobbs* v. *Halsey*, 16 Johns. 39; *Reynolds* v. *Kenyon*, 43 Barb. 585.

We insist, however, that, at law, the partners cannot repudiate the act of a copartner in paying his private debt with the credits or property of the firm, for, as all the partners must join in a suit against the debtor of the firm, whose debt has been discharged by private arrangement with one of the firm, they cannot and ought not to allege the bad faith or fraud of one of their number, who is a plaintiff on the record, as a ground of recovery.

This precise question came before the Supreme Court of Massachussets in 1853, and it was decided, after full argument and consideration, that no recovery could be had in such cases. *Homer et al.* v. *Wood et al.*, 11 Cush. 62, following *Jones* v. *Yates*, 17 English Com. Law, 436.

"We are not aware of any instance in which a person has been allowed as plaintiff in a court of law, to rescind his own act on the ground that such act was a fraud on some other person, whether he sued in his own name or jointly with another." Lord TENDERDEN in case last cited. *Wallace et al.* v. *Kelsall*, 7 Mees. & Welsby, 263; *Gordon* v. *Ellis*, 7 Manning & Granger, 607; *Jacaud* v. *French*, 12 East, 317; *Gurley et al.* v. *Wyeth et al.*, 10 N. H. 15; Collyer on Partnership, §§ 643, 644 and notes.

"The equity to which the defrauded partners are entitled in this case, cannot be supported in a court of law, where the firm appear as plaintiffs." § 643 same; Story on Partnership, § 238 and notes.

These cases fully support the proposition that we contend for, and are well considered modern cases; but we suppose the appellees will rely upon the case of *Brewster* v. *Mott*, 4 Scam. 378, to support the present action. That case was decided before the leading case, *Jones et al.* v. *Yates et al.*, 9 Barn. & Cressw. 532, was reported and published in this country. The point now presented was not raised in that case. The court only considered the question how far one partner could apply the partnership credits in payment of his private debt, due to the partnership debtor. No question as to the form or propriety of an action at law in such cases appears to have been made by counsel, or considered by the court; and we therefore do not think that case is an authority against us on the point now made, and like all other cases, is an authority only upon the points actually raised and decided. We therefore think, that so incongruous an action as one founded upon the alleged misconduct of one of two or more plaintiffs, toward his co-plaintiffs, as a ground of recovery in favor of all, ought not to be supported, as it is certainly not countenanced by the modern authorities.

But after the lapse of four years from the time the alleged misapplication was made, with knowledge of the fact, and without any attempt to repudiate the act, the other members of the firm must be held to have ratified it.

MR. J. V. LEMOYNE, for the appellees.

Whether an action at law will lie, in a case like this, is a mere question of practice, which has been decided in different ways in different courts. The better rule is in favor of the remedy at law, and this is consistent with the doctrine in *Rogers* v. *Batchelor*, 12 Peters, 221, and *Brewster* v. *Mott*, 4 Scam. 378, which affords the most ample protection to the rights of partners as against the fraudulent acts of their copartners.

The principal case relied upon by the counsel for the appellant is the case of *Homer* v. *Wood*, 11 Cushing, 62, which is decided upon the authority of *Jones* v. *Yates*, 17 Eng. Com. Law, 436. In *Homer* v. *Wood*, all his authorities are cited. This case is not a good authority here for two reasons.

*First.* The facts of that case were different from the facts in this. In that case the question of practice was discussed as a new question, and it had never been considered in Massachusetts. The court is very careful to say that they intend to decide nothing beyond the precise case before them. They also say, that it is admitted that there was entire good faith, and only a mere technical fraud.

*Second.* This case is not good law in this State, for the reason, as before shown, that we have adopted to its full extent the doctrine of the case of *Rogers* v. *Batchelor*, 12 Peters, 221, which gives to copartners the fullest protection against fraudulent associates. According to this well settled rule, such acts by the partner are simply void. If void, how can they in any way impair the rights of the partners?

In the Pennsylvania Reports there are several cases directly in point. In the recent case of *Purdy* v. *Powers*, 6 Barr, 492, one gave a bond to a firm. Upon this bond one of the partners indorsed an amount for his individual debt. A suit was afterward brought by the partners, and the same objection as in this case made. In delivering the opinion, Judge BELL says, after referring to the case of *Jones* v. *Yates*, and to Lord TENTERDEN's remark as to a remedy in equity:

" But I conceive it is not necessary in the present instance to assume the equitable ground. With us it is settled beyond controversy that a party has no power to bind his fellows by such a transaction, without their knowledge or consent. The act is simply void. It does not operate to discharge the debt, or to change the relative liabilities of the parties. Nor is it permitted to interfere with the form of the action prescribed by the rule of law, as will be seen by consulting the cases. This doctrine was expressly recognized by our own case of *Noble* v. *McClintock*, 2 Watts and Sergeant, 152, and an action of assumpsit, in the name of the firm, to recover a partnership debt, misapplied by one of the partners in discharge of his individual liabilities, was sustained without objection. So in *Tanner* v. *Hall et al.*, 1 Barr, 417, it is said, it is not doubtful that a partner cannot pay his separate debts with the joint funds, though the creditor may not suspect a misapplication, for the wrong may be redressed without injury to any one. These cases proceed on the ground that the fraudulent attempt of one member of the firm so to misapply a credit belonging to all, operates not upon the title of the partnership, and the rights of the parties remaining as before, there is nothing to rescind. It is difficult to reconcile the American with the English decisions, so far as remedy is involved, unless it can be done on this footing, but should they be thought to clash, we prefer the rule sanctioned by our own cases, as better calculated to subserve justice and advance right."

In the case of *Evernghim* v. *Ensworth*, 7 Wend. 326, the same rule was adopted. See also, *Livingston* v. *Roosevelt*, 4 Johns. 251; *Dob* v. *Halsey*, 16 id. 34; *Livingston* v. *Hastie*, 2 Caines, 246; *Ex parte Goulding*, Collyer on Partnership, ed. 1853, § 444; 2 Parsons on Contracts, 184, 185.

The facts in this case do not show a ratification. The authority of one partner to apply the partnership funds to the payment of his own debt is not to be presumed, but must be clearly proved. So careful are the courts to protect the other

partners that they require it to be proved, and proved by that party who claims under it. This is established by *Kemeys* v. *Richards*, 11 Barb. 312; *Brewster* v. *Mott, ante.*

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The firm of Carver & Co. commenced its suit against the Marine Company of Chicago, to recover a balance of $638.89, which Carver, a member of the former firm, had misapplied in payment of his private debt. This sum stood to the credit of Carver & Co. on the books of the Marine Company, and Carver, being individually indebted to that company, on the 26th of June, 1861, drew a check in favor of the company, signing the name of his firm, and the check was placed to the credit of his individual account. In July, 1861, another member of the firm of Carver & Co. drew a check in the name of the firm, for the supposed balance in their favor on the books of the Marine Company, and sent it to the office of the latter, by their clerk, for payment. The clerk was informed that the account was balanced, and so reported to his employers, and was then sent back for a statement. On returning to the office of the plaintiff in error, he was shown the account and the check drawn by Carver, upon which it had been balanced. He took the check and returned with it to Carver & Co., who retained it to the time of the trial. The clerk also testified that Mr. Billings, one of the members of the firm of Carver & Co., and Mr. Scammon, one of the members of the Marine Company, afterward had some conversation about the matter, when witness was called in and stated the above facts.

On the trial in the court below, a jury was waived, and the court gave judgment in favor of plaintiffs for the amount of said balance and interest. This suit, for its recovery, was commenced on the 26th of June, 1865.

However clear the right of the plaintiffs below to recover might have been, if they had repudiated the action of Carver as soon as it came to their knowledge, we are obliged to regard the actual facts as amounting to a ratification. The check drawn by Carver was returned to them by the Marine Company,

with a statement of the balanced account, and this check they retained, allowing Carver, one of their firm, to retain the credit for its amount, which he had received on the books of the Marine Company. Suppose the latter, after the check had been received by Carver & Co., and retained by them, had brought suit against Carver for the amount of his individual indebtedness, could it have recovered judgment for the sum which had gone to his credit upon this check? Clearly not, because he would have shown that the check, whether properly drawn or not for his individual benefit, had been duly returned to his firm and retained by them, and thus treated in all respects as if it had been drawn by their authority, or at least received their sanction. But it is said that the Marine Company was not injured by this apparent ratification, because Carver still was, and continued to the time of the trial, largely indebted to the company. But how can the court from this circumstance alone, say the Marine Company was not injured? If the firm of Carver & Co., had repudiated his act and returned the check, they would have thus advised the Marine Company, that, in the opinion of his copartners, Carver was unworthy of credit, and this would have induced that company to make an effort for the collection of its debt. But the apparent acquiescence of the copartners of Carver would indicate their own confidence in his pecuniary solvency, and thus tend to strengthen his credit with the Marine Company and lull it into a false security.

In cases of this character it is to be remembered that the duties and obligations between members of a partnership and third persons are reciprocal. While it is true that one partner cannot rightfully appropriate the partnership funds in payment of his individual indebtedness, yet it is equally true, that, if he does so appropriate them, his acts, when they come to the knowledge of the other members of the firm, should be clearly and promptly repudiated.

At least no room should be left for doubt, in the minds of the parties concerned, as to whether the act is repudiated or ratified. Good faith requires this, for copartners must necessarily understand the pecuniary condition of each other better than third

persons can do, and if they seem to ratify an act of one of their firm originally unauthorized, it is a declaration in his behalf that he possesses their confidence and is entitled to credit. It would be most injurious to the interests of the commercial community, were we to hold, that four years after the misapplication of partnership funds in the payment of individual indebtedness, the firm during all that time, having had knowledge of the fact, and so far as appears, acquiesced, and retained the check improperly drawn in their name as they would have retained one drawn in the ordinary course of business, they could then turn around, repudiate the transaction, and repudiate their own apparent sanction of it, and recover the funds on the ground of the original absence of authority in their copartner thus to apply them. The judgment is reversed and the cause remanded.

*Judgment reversed.*