E. F. CHURCH *et al.*

*v.*

THE FIRST NATIONAL BANK OF CHICAGO.

REMEDY—*where partnership funds have been improperly paid to one partner.* If a bank pays out the money of a partnership to one of the partners upon his check, in fraud of the rights of the other partners, an action at law can not be maintained in the firm name against the bank, but resort must be had to a court of equity for the relief of those partners claiming to be injured.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, by E. F. Church, O. N. Chaffee, W. J. Ellinwood and D. F. Henry, against the First National Bank of Chicago, to recover the sum of $1700, paid by the bank to Ellinwood. The plaintiffs contended that there was an arrangement between the partners, and known to the bank, that Church alone was authorized to check for the money of the firm, and that Ellinwood had no authority to draw the same.

Mr. WALTER G. GOODRICH, and Mr. SIDNEY SMITH, for the appellants.

Messrs. HITCHCOCK & DUPEE, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The facts, so far as material to the question upon which, in our opinion, this case turns, are these: Church, Chaffee, Ellinwood and Henry were in partnership, engaged in buying and

selling seeds, etc., in Chicago, under the firm name of "The Chicago Seed Company." They deposited money with "The First National Bank of Chicago," and drew checks against it in their business. This deposit, at the time of the great fire in October, 1871, amounted to $1766. After the fire the partnership business was not further prosecuted, and Ellinwood, on a check drawn by him as "Superintendent of the Chicago Seed Company," drew out $1700 of this deposit, and had the same placed to his individual credit on the books of the bank, and subsequently used it in his private business.

This suit is by the firm against the bank, in assumpsit, for the amount thus drawn out and appropriated by Ellinwood. The judgment below was in favor of the defendant, and the plaintiffs appeal.

Without entering upon the controverted questions of fact, we think the judgment below must be affirmed, because the plaintiffs have misconceived the tribunal to which they should resort for relief.

It is very clear the payment of the $1700 is good as against the plaintiff Ellinwood. He can not be heard to say that it was in fraud of the rights of his co-partners, and, as to him, the payment is a complete satisfaction as to the cause of action. Being complete as to him, it is, in a court of law, good as to his co-partners, and a court of equity is alone competent to grant the relief to which they claim to be entitled. *Jones* v. *Yates*, 9 Barnwell & Creswell, 532; *Gorten* v. *Ellis*, 7 Manning & Granger, 264; *Homer* v. *Wood*, 11 Cush. 62; *Greeley* v. *Wyatt*, 10 N. H. 15.

The defense here is not the set-off of the individual account of one of the partners, as it was in *Marine Company of Chicago* v. *Carver et al.* 42 Ill. 66, *Casey et al.* v. *Carver et al.* id. 225, and *McNair* v. *Platt*, 46 id. 211, but the payment of the debt to one of the members of the firm, and hence those cases are not in point.

The judgment is affirmed.

*Judgment affirmed.*