## BRUTUS S. BRUNER, SURVIVING PARTNER, ETC.,

### v.

## JANE NISBETT.

*Negotiable Instruments—Note—Order upon Employers in Favor of Creditor—Acceptance—Evidence—Verdict.*

In an action to recover on an alleged acceptance of an order, given by a debtor upon his employers in favor of a creditor, the contention being as to whether the same was accepted by said employers, this court holds that the objection to the testimony of a certain witness as incompetent, being first made in this court, comes too late; that the testimony of such witness was admissible to show the admissions and actions of said employers with reference to such acceptance and its genuineness; that it was proper to let such acceptance go in evidence; that declarations of a deceased member of the firm of employers were properly admissible by way of impeachment; that upon cross-examination the surviving member thereof might be interrogated, he having upon direct examination denied the execution of the acceptance, as to whether the bank carrying the account of the firm had ever with his knowledge made payments to the payee of the order on account of the drawer; that the court did not err in refusing to admit evidence as to the financial condition of such firm at the time of the alleged acceptance, nor in permitting defendant to testify as to alleged statements made by him with reference to a previous verbal agreement between the same parties; that the failure to prove payment by the indorsee of a consideration for the order, can not be complained of in the absence of evidence going to show that the transaction involving the acceptance was outside the partnership business; that the evidence warrants the finding of knowledge of acceptance on the part of the surviving member of the firm of employers; and that the verdict for plaintiff in view of the fact that the acceptance was unqualified, was not excessive.

[Opinion filed August 28, 1889.]

APPEAL from the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

This is an action of assumpsit. The declaration contains one special and the common counts. The special count alleges that on November 15, 1877, at the city of Alton, one James Goudie made his order in writing and delivered the same to T. P. Nisbett & Co., and thereby requested defendant, by the name and style of Messrs. Duncan & Bruner, to pay,

after date thereof, to T. P. Nisbett & Co., every week, until promissory note attached, with interest, was paid, the sum of $2, and deduct the same from his account; said promissory note being worded as follows, to wit:

"$287 .5.                           Alton, Nov. 20, 1877.

One day after date I promise to pay to the order of T. P. Nisbett & Co. two hundred eighty-seven and 45-100 dollars, with interest at the rate of (10) ten per cent. from date, value received, from Mrs. Jane Nisbett.

JAMES GOUDIE."

Which said order, with the note attached, the defendant by the name and style of Bruner & Duncan, on the day, etc., accepted by writing across the face of said order "Act, Bruner & Duncan." That the said T. P. Nisbett & Co., on, etc., assigned the said order and note attached by indorsement to the plaintiff and delivered the same to her; request to pay, refusal, etc. Pleas of general issue and *non est factum.* Trial and verdict for plaintiff for $525.59. To reverse this judgment the record is brought here by appeal.

Messrs. Wise & Davis, for appellant.

Before a witness can testify regarding a signature or hand-writing he should first state he saw the party write, or was acquainted with his handwriting, stating how he obtained his knowledge. Woodford v. McClenahan, 4 Gilm. 88; Job v. Tebbetts, 4 Gilm. 151 Putnam v. Wadley, 40 Ill. 346; Massey v. Farmers' Nat. Bank, 104 Ill. 332; Cross v. People, 47 Ill. 163.

Nisbett was allowed to testify against defendant's objection about the firm's signature or acceptance to the order, he not stating that he was acquainted with the firm's signature or saw Duncan write the same.

Duncan being dead and Nisbett being adversely interested in the suit his testimony regarding Duncan's admissions were improper. Starr & C. Ill. Stats., Sec. 4, Chap. 51; Henry v Tiffany, 5 Ill. App. 548; Redden v. Inman, 6 Ill. App. 55; Mestling v. Hughes, 89 Ill. 389; Langley v. Dodsworth, 81

Ill. 86; Merrill v. Atkin, 59 Ill. 19; Branger v. Lucy, 82 Ill. 91; Hurlbut v. Meeker, 104 Ill. 541.

Verbal admissions of a party ought to be received with great caution. Bragg v. Geddes et al., 93 Ill. 39; Frizell v. Cole, 29 Ill. 465; Greenleaf on Ev., Sec. 30.

Especially so when that party, who it is claimed made the admission, is dead, and the witness testifying is interested, and instead of stating facts, only gives inferences and conclusions. Helm v. Cantrell, 59 Ill. 524; Henry v. Tiffany, 5 Ill. App. 548.

The court erred in allowing improper evidence:

First, in allowing James Duncan's declarations or admissions, he neither being a party to the suit nor an agent of defendant. C., B. & Q. R. R. Co. v. Lee, 60 Ill. p. 503; Callaghan v. Myers, 89 Ill. 566; Lincoln Coal & Mining Co. v. McNally, 15 Ill. App. 181; Jenks v. Burr, 56 Ill. 450; Mix v. Osby, 62 Ill. 193; Lindblom v. Ramsey, 75 Ill. 246; Thomas v. Rutledge, 67 Ill. 213.

Second, in allowing B. S. Bruner and James Duncan to be cross-examined on matters not brought out in the direct examination: Waller v. Carter, 8 Ill. App. 511; Hurlbut v. Meeker, 104 Ill. 543; Stafford v. Fargo, 35 Ill. 481; Bell v. Prewitt, 62 Ill. 361.

Cross-examination as to a collateral fact to lay a foundation to contradict the witness not allowable. C., B. & Q. R. R. Co. v. Lee, 60 Ill. 501.

If a question as to a collateral fact be put to a witness for the purpose of discrediting his testimony, his answer must be taken as conclusive, and no evidence can afterward be admitted to contradict it. C., B. & Q. R. R. Co. v. Lee, 60 Ill. 501.

The court erred in excluding testimony:

First. Bruner, on cross-examination, was questioned about a part of conversation with Volbrecht; the court on re-examination refused to permit the witness to relate the rest of the conversation. McIntyre v. Thompson, 14 Ill. App. 554; Hatch v. Potter, 2 Gilm. 725; Phares v. Barber, 61 Ill. 271.

Second. In not permitting Bruner to show the financial

condition of the firm of Bruner & Duncan when the order was claimed to be signed by Gilbert Duncan for the firm. Thorp v. Goewey, Adm'x, 85 Ill. 614.

The debt being Goudie's and admitting the order was actually accepted by the firm, it was to pay for Goudie two dollars per week as he earned it, in the future; Duncan dying dissolved the partnership, and ended the liability of the firm, and the firm would be liable only for the amount due at Duncan's death. Spurck v. Leonard, 9 Ill. App. 174; Oliver, Adm'x, v. Forrester, Ex'r, 96 Ill. 315; Remick, Adm'x, v. Emig, 42 Ill. 342; Col. on Part., Secs. 113, 117, 118.

The order was dated November, 1877; Duncan died March, 1879, making sixteen months, or say seventy weeks, at two dollars per week—$140. This verdict is clearly excessive.

A firm's acceptance or a firm's guarantee executed by one partner in a matter outside the partnership business, will not bind the other member of the firm, unless it is by his authority, or is ratified by him after a full knowledge of the facts. Gray v. Ward, 18 Ill. 32 ; Bradley v. Linn, 19 Ill. App. 322 ; Marsh v. Thompson Nat. Bank, 2 Ill. App. 217; Davis v. Blackwell. 5 Ill. App. 32 ; Spurck v. Leonard, 9 Ill. App. 175; Brewster v. Mott, 4 Scam. 378 ; McNair v. Platt, 46 Ill. 213 ; Wright v. Brosseau, 73 Ill. 381; Zuel v. Bowen, 78 Ill. 234.

The burden of proving the authority of the partner or consent of the other partner, is upon the holder of the order or acceptance. Langan v. Hewitt, 21 Miss. 122; Marsh v. Thompson Nat. Bank, 2 Ill. App. 217; Davis v. Blackwell, 5 Ill. App. 33; Spurck v. Leonard, 9 Ill. App. 175 ; McNair v. Platt, 46 Ill. 213 ; Foot v. Sabin, 19 Johns. 154 ; Boyd v. Plumb, 7 Wend. 309 ; Wright v. Brosseau, 73 Ill. 381.

Indorsee must prove the consideration paid for the order. Col. on Partner., Sec. 494 and authorities there cited ; Parsons on Part., 211 ; Wright v. Brosseau, 73 Ill. 385 ; Bank of St. Albans v. Gilliland, 23 Wend. 311; Bank of Vergennes v. Cameron, 7 Barb. 143 ; Chitty on Bills, 69, 648 ; N. Y. Fire Ins. Co. v. Bennett, 5 Conn. 574; Livingston v. Hartic, 2 Carnes, 246 ; Weed v. Richardson, 2 Dev. and Bat. 535 ; Rohton v. Click, 1 Stew. 526 ; Lansing v. Gains, 2 Johns. 300.

Mere failure to deny liability is not a ratification.    Marsh v. Thompson Nat. Bank, 2 Ill. App. 218 ; Reuben v. Cohen, 48 Cal. 545 ; McKinney v. Brights, 16 Pa. St. 404 ; Horton v. Lewis, 6 Leigh. 60 ; Elliot v. Dudley, 19 Barb. 326 ; Mercein v. Mack, 10 Wend. 463 ; Bankhead v. Alloway, 6 Cold. (Tenn.) 57 ; Col. on Part., Sec. 415, page 677, 6th Ed.; Ferguson v. Shepard & Gordon, 1 Sneed, 256.

The instructions given for plaintiff are improper, for the following reasons :

1st.    There was no evidence on which to base them in this respect.    No evidence that it was within the scope or line of the partnership business to accept such an order ; and no evidence of any payments being made on this order.    Goodwin v. Durham, 56 Ill. 240 ; Holden v. Hulburd, 61 Ill. 282 ; Paulin v. Howser, 63 Ill. 314.

2d.    They do not state the law correctly, ignoring the principle that the acceptance being outside of the scope of the partnership business, plaintiff must prove either assent at the time, or subsequent ratification ; mere subsequent knowledge and failure to deny liability is not sufficient.

3d.    The modification made to defendant's instructions were improper, because there was no evidence on which to base the same.

Mr. Alexander W. Hope, for appellee.

A witness may testify to the signature of a person, either from having seen him write his name or from having seen writings purporting to be signed by such person, and having afterward personally communicated with him respecting them ; or having acted upon writings as a certain person, the person having known and acquiesced in such acts, founded upon the genuineness of the writings ; or the adoption of writings into the ordinary transactions of life, by a person, such as induces a presumption of their being in his own handwriting ; or the admission of the party of the genuineness of the writing.    Any of these modes are sufficient to lay a foundation to admit the writings in evidence under a plea of *non est factum*.    1 Greenleaf on Ev., Sec. 577 ; Wallace v. Wallace, 8 Ill. App. 69 ;

Tyler v. Bailey, 71 Ill. 34; Melvin v. Hodges, 71 Ill. 422; Lowman v. Aubery, 72 Ill. 619; Board of Trustees v. Misenheimer, 78 Ill. 22; Paul v. Berry, 78 Ill. 158.

Ratification may be express or implied, and silence alone sometimes operates as a ratification, and it may also be inferred from circumstances. Searing v. Butler, 69 Ill. 575; C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73.

Although a partner may do an act outside of the scope of the partnership business, yet if he does so, his act, when it comes to the knowledge of the other partner or partners, should be clearly and promptly repudiated, and a default in doing this within a reasonable time will bind the firm as fully as though the act was authorized in the first instance. Parsons on Partnership, 111; Marine Co. v. Carver, 42 Ill. 66; McDermid v. Cotton, 2 Ill. App. 297.

But if partners engage in a transaction outside of the regular partnership business the firm is as much bound by such transaction as it would be by matters in the course of the ordinary and customary business of the partnership. Boardman et al. v. Adams et al., 5 Iowa, 224; Pahlman v. Taylor, 75 Ill. 629.

An assignee before maturity, without notice, is presumed to be a *bona fide* holder for a valuable consideration. Cisne v. Chidester, 85 Ill. 523.

The execution of the order is put in issue by a sworn plea, but there is no sworn plea denying assignment, therefore the assignment is not in issue. Rev. Stat., Prac. Act, Chap. 110, Sec. 34; Templeton v. Hayward, 65 Ill. 178; Schroeder v, Harvey, 75 Ill. 638.

The plea of non-assumpsit admitted the assignment, and the time of the assignment could only be put in issue by a plea. Hayden v. Olinger, 5 Ill. App. 632.

The issue on the order was non-assumpsit, which was disproved by production of the order. Reid et al. v. Degener et al., 82 Ill. 510.

An acceptor of a bill of exchange is primarily liable for its payment, and can only be discharged by the payment, release or the statute of limitations. Diversy v. Loeb, 22 Ill. 393; Parkhurst v. Vail, 73 Ill. 343.

The acceptance of a bill of exchange is an admission by the acceptor that he has funds in his hands belonging to the drawer.   Gillilan v. Myers, 31 Ill. 525.

The fact that the acceptor of a bill of exchange has no funds in his hands belonging to the drawer at the date of the acceptance, and was not then and did not afterward become indebted to the drawer, makes no difference in a suit against the acceptor.   Nowak v. Excelsior Stone Co., 78 Ill. 308.

All joint obligations and covenants are joint and several obligations and covenants.   Rev. Stat. Ill., Chap. 76, Sec. 3.

A partnership note or bill of exchange is joint and several. Ryhiner v. Feikert, 92 Ill. 305.

The rule is that a partnership is dissolved by the death of one of the partners, unless otherwise stipulated in the partnership agreement.   After dissolution of the partnership none of the partners have any authority to make any new contracts to bind the firm, but all old contracts remain in full force   against the partnership estate, and also render the individual partners' private property liable.   Hicks v. Russell, 72 Ill. 230; Bank of Montreal v. Page, 98 Ill. 109.

PHILLIPS, J.   The first question presented by this record is as to the sufficiency of the evidence to show the fact of the acceptance of the order which is put in issue by the plea of *non est factum.*   T. P. Nisbett, a son of plaintiff, wrote the order and handed it to his father, who went out for the purpose of having the order signed and accepted, as he testifies, and on his return with the order, he saw the order and acceptance was signed.   He further testifies he presented the order and acceptance at various times to Gilbert Duncan, the deceased partner.   "He presented the order many times to Gilbert Duncan and he never questioned it;" that when he presented the order to Duncan "he would give some excuse or some reason why he couldn't pay."

The witness further states that the surviving member, Bruner, "knew of the existence of the order ; that it was received and accepted by the firm of Bruner & Duncan.   I would go up to the foundry and ask to see Mr. Duncan,

and he (Bruner) would often say to me, that he was out. I would say to him that I wanted to see about the acceptance of that order, and receive some payment on the order of Goudie. . He would refer me to Duncan." The witness further stated that in a recent conversation, the surviving partner stated he "knew the order and acceptance was out." The witness did not see the order or acceptance signed, nor did he know the handwriting of either member of the firm, as far as the evidence in the record shows. Under the evidence of this witness, the order and acceptance was allowed to go in evidence to the jury. This is assigned as error, and the sufficiency of the evidence, its admissibility, and the incompetency of the witness is urged in argument. It is sufficient to dispose of the question of the competency of the witness, to say that the record does not show that the witness was objected to, or his interest shown. It was admissible to show admissions and actions of the firm with reference to the acceptance of the order and its genuineness. Paul v. Berry, 78 Ill. 158; Melvin et al. v. Hodges, 71 Ill. 422; Lowman v. Aubery et al., 72 Ill. 519.

There was no error in allowing the acceptance to go in evidence. The weight of the evidence in determining where the preponderance was, were questions for the jury; and there being sufficient evidence to authorize this verdict on the question of fact, we will not disturb this judgment. The objection urged in allowing the declarations of James Duncan to be shown is not well taken, as such declarations may be shown by way of impeachment, and that was the purpose and circumstances under which it was shown here. Nor is the objection in reference to the cross-examination of B. S. Bruner well taken. The cross-examination of Bruner to which objection was taken—he having in chief denied the execution of the acceptance—was as to whether the bank with which the firm had their account, had, with his knowledge, made payments to the payee of the order on account of the drawer. This was with direct reference to the subject-matter of the examination in chief. If on their—the acceptors'—account, with their knowledge and without objection, payments were made, it

was material to show that, in cross-examination on the question as to whether they had accepted the order. It was not error to refuse to allow the defendants to show the financial condition of the firm at time of alleged acceptance, as that fact could not have enlightened the jury as to the question at issue. The refusal of the court to permit the defendant to testify as to whether he told Volbrecht what the agreement was between Bruner & Duncan and Nisbett & Co., refer·ring to a verbal agreement in reference to paying $2 per week on account of Goudie, is urged as error. Yet the witness did state what the agreement was fully; and when Volbrecht was called to impeach Bruner in reference to the acceptance of the order, on cross-examination, the fact that, at that time, in the same conversation, the verbal agreement was stated to him—Volbrecht—as the verbal agreement, was stated by Bruner. The refusal to allow Bruner to state whether he stated to Volbrecht what the verbal agreement was, could not have prejudiced the plaintiff, even if it would have been proper testimony. At that stage of the case and before Volbrecht had been called to impeach the witness Bruner, it was not proper, in re-examination, to state an entire conversation between himself and the witness, because of a question being asked to lay the foundation for impeachment. After the impeaching witness had been called, it may have then been proper to recall the witness, to have had his statement of the conversation.

It is urged the verdict is excessive, and that, admitting the order was actually accepted by the firm, the death of Duncan dissolved the partnership, and ended the liability of the firm, and that the order was for the payment of $2 per week until note attached was paid; and that inasmuch as at $2. per week from the acceptance, as it appears, until the death of Duncan, he having died in March, 1879, there could not be more than $140 due. It is sufficient to answer this point by saying that the acceptance was an unqualified one— that is, there was nothing except the order and its acceptance according to the terms of the order. It was not a qualified or conditional acceptance. An acceptor of a bill of exchange

is primarily liable for its payment. Unless the acceptance is in some manner qualified, if liable at all on the acceptance, the acceptor is liable according to the terms of the acceptance. While it is true that between the parties, an acceptance by one partner of a bill in a matter outside the partnership business will not bind the other member unless it is by his authority, or is ratified by him after knowledge, yet in this case it is a conceded fact that Goudie was working for the acceptors and drawees. It is a fact beyond dispute that he had an account with them, and they were indebted to him; how much and to what extent, and when due, is not shown, as a knowledge conveyed to the indorsee. She took the accepted order without notice; so far as shown here, no qualified acceptance, but a clear and explicit promise. The evidence and finding by the jury is, that the order was accepted. The evidence warrants the finding of knowledge of acceptance by Bruner and the liability is clear. Marine Co. v. Carver, 42 Ill. 66; McDermid v. Cotton, 2 Ill. App. 297.

But it is insisted that no consideration being proven as paid by indorsee for the order, it can not be claimed to be held by an innocent holder. In this case, inasmuch as it appears that in a matter between the firm and one of its employes, the order was drawn and accepted, it can not be regarded as outside the partnership business, and unless it is so, it is not necessary to prove the payment of a consideration by this plaintiff.

What we have said with reference to the acceptance and knowledge of surviving partner and the fact of the drawer, drawees and their business being so intimately associated and connected that the acceptance was in line of business, must dispose of the objection made to the instructions.

The judgment must be affirmed.

*Judgment affirmed.*