## Bank of Arthur v. Ellars & Humble.

1. *Partnership Funds.*—A partnership caused a sum of money to be deposited in the National Live Stock Bank, of Chicago, to the credit of the Bank of Arthur, for its (said partnership) account. The last named bank placed the amount to the individual credit-of one of the members of the firm, and paid the money out on his check. In a suit by the firm to recover the money, the trial court refused to hold three propositions of law, viz.:

(1.) If the court believes from the evidence that plaintiffs, Ellars & Humble, caused funds belonging to them to come into possession of defendant, and that said Ellars & Humble did not want a firm account opened with the bank, but desired to have the funds placed to the credit of one or the other of the members of said firm, and that such firm funds had been placed prior to the transaction complained of, and that such disposition thereof had been acquiesced in by said firm, and if the court further believes from the evidence that the money in controversy was money belonging to said firm, and was placed by defendant to the credit of Humble, either with or without the special direction of the firm, or either of them, but in accordance with a method of doing business before that time acquiesced in by said firm, and that said money was paid to said Humble on his individual check after having been placed to his account—then the judgment in this case ought to be for defendant.

(2.) The placing of partnership funds coming into the possession of a bank to the credit of one of the members of the firm when the firm has no firm account with such bank, and desires not to have one, and payment to said member of said funds on his individual check, is payment to the firm.

(3.) If the court believes from the evidence that defendant received the money in controversy as funds belonging to the firm of Ellars & Humble, and paid the same to Humble as a member of said firm, then the plaintiffs, Ellars & Humble, can not maintain a suit at law in the firm name, although the court may believe from the evidence, as between Ellers and Humble, Humble had no right to receive said money.

*It was held*, that if the consent of Ellers be not implied, the payment was good as to Humble, and being a complete satisfaction as to one of the parties, a court of equity is alone competent to grant the relief which the firm seeks by this action of assumpsit. The holding was incorrect, as the evidence tended strongly to support the propositions.

**Memorandum.**—Assumpsit. Appeal from a judgment rendered by the Circuit Court of Douglas County; the Hon. Edward P. Vail, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed January 30, 1893.

Bank of Arthur v. Ellars & Humble.

## APPELLANT'S STATEMENT OF THE CASE.

James Ellars and William Humble, as partners, under the firm name of Ellars & Humble, were engaged in buying and shipping stock in the village of Arthur. The partners were to share profits and losses equally. Prior to the formation of the partnership, Ellars had an individual account with the Bank of Arthur, and Humble, also. Each of the partners also bought stock on his private account. No firm account was kept with the bank. The firm sent a sum of money to the bank, which received the money, but instead of placing it to the credit of the firm of Ellars & Humble placed it to the credit of the individual account of Humble, without consulting the firm, or either member of it, and without any direction from the firm or either member of it. The money was received November 17, 1891.

Humble drew checks against his individual account, but did not know that this amount had been placed to his credit, until the difficulty about this item arose between the bank and the firm; and this did not arise until December 10th, three or four weeks after the credit had been made. Neither Humble nor Ellars received a statement of their accounts between the time of its credit to Humble and the 10th of December.

## APPELLANT'S BRIEF.

In the case of Church v. First National Bank of Chicago, 87 Ill. 68, Ellenwood, a member of the firm, drew out a balance of $1,700 of firm funds on his check and had it placed to his individual credit, and afterward used it in his private business. Suit by the firm against the bank in assumpsit for the amount so drawn out and appropriated by Ellenwood. There was judgment below for the bank. The court say: " Without entering upon the controverted questions of fact we think the judgment below must be affirmed because the plaintiffs have misconceived the tribunal to which they should resort for relief."

" It is very clear the payment of the $1,700 is good as against the plaintiff, Ellenwood. He can not be heard to

say it was in fraud of the rights of his copartners, and as to him the payment is a complete satisfaction as to the cause of action. Being complete as to him it is in a court of law good as to his copartners, and a court of equity alone is competent to grant the relief to which they claim to be entitled."

Chas. Bennett and J. F. Hughes, attorneys for appellant.

### Appellees' Brief.

" If a deposit is made in the name of a firm, and the bank pays it out on the individual check of one of the firm in his own name only, it can only justify by showing that the money thus drawn was applied to the use of the firm." Sec. 116, Newman on Bank Deposits; Sec. 220, Boone on Corporations; Coote v. Bank of U. S., 3 Cranch, (U. S. C. C.) 50.

The money was the property of the firm, and as firm property the bank received it. Before the bank could deposit it to the account of Humble, the consent or concurrence of both partners was necessary to accomplish the severance of the joint title and convert an asset into individual property; one partner can not appropriate the money to himself or to another partner, nor can a majority do so. Sec. 544, Bates on Partnership.

Where a bailee of the firm uses its property to pay the debt of one partner an action by the firm is sustainable, for such partner is not repudiating his own act in joining as co-plaintiff. Wright v. Ames, 2 Keys (N. Y.), 221; see also Harts v. Byrne, 31 Ill. App. 260; Brewster v. Mott, 4 Scam. (Ill.) 378; Rogers v. Batchelor, 12 Pet. (U. S.) 221; Viles v. Bangs, 36 Wis. 131; Davis v. Smith, 29 Minn. 201; Thomas v. Penrick, 28 Ohio St. 55.

Eckhart & Moore, attorneys for appellees.

Opinion of the Court, the *Hon. Carroll C. Boggs, Judge.*
The appellee firm caused the sum of $476.59 to be deposited in the National Live Stock Bank of Chicago, to the credit

of the appellant bank for the account of the appellee. The appellant bank placed the amount to the credit of the individual account of William Humble, one of the members of appellee's firm, and paid the money upon his individual check. Humble was not then indebted to the bank and the question of the application of firm assets to the payment of the individual indebtedness of a partner does not arise. The case was submitted to the court without the intervention of a jury, and the finding and judgment being against the appellant bank the case is brought here for review.

It appears from the evidence that each member of the appellee firm had an individual account upon the books of the appellant bank and that they did not desire that a firm account should be kept by the bank. We think it further shown that a prior course of business between the firm and the bank was such as authorized the bank to place the amount to the credit of the individual account of either member of the firm, and pay it out upon his individual check, leaving the partners to adjust their partnership interest and rights between themselves as they had uniformly before that done. The payment to Humble must be deemed, if we are right as to the effect of the evidence, to have been with the implied consent of Ellars, the other member of the firm, and if so, it can not be recovered back either at law or in equity to satisfy any demand Ellars may have against the firm. Davis v. Atkenson, 124 Ill. 474.

Even if the consent of Ellars be not implied, yet the payment is good as to Humble. Being a complete satisfaction as to one of the parties, a court of equity is alone competent to grant the relief, which the firm seeks by this action in assumpsit. Church v. First National Bank, 87 Ill. 68, and cases there cited.

The court refused to hold as correct a proposition of law to this effect, and as the evidence tended strongly to support such a proposition, the judgment must be reversed. This case must be distinguished from cases where a right of recovery at law or in equity in the name of the firm has been sustained on the ground that an individual creditor of the

firm knowingly received payment out of the partnership funds, or where there was a wrongful misappropriation of partnership funds or property without the consent, express or implied, of the other partner. Whenever the act complained of is done with the consent, express or implied, of the injured partner, no right of action exists to recover the funds or property for the benefit of the partners, though it may be that if the firm is insolvent a suit in equity may be maintained for the benefit of the creditors of the firm. Church v. First National Bank, *supra;* Davis v. Atkenson, *supra;* 17 Amer. and Eng. Ency. of Law, pages 1247 and 1248.

The judgment must be and is reversed and the cause remanded.