JOHN W. HALL, Plaintiff in Error, v. WILLIAM HARPER, JR., Defendant in Error.

### ERROR TO JOHNSON.

Where a minor makes an exchange of a horse belonging to his father, and the father apparently acquiesces in the bargain for a considerable time after it has been made, he cannot recover the horse, his son has exchanged, in an action of replevin.

THIS cause was tried before DENNING, Judge, and a jury, at August term, 1853, of the Johnson Circuit Court. The facts of the case will be found in the opinion of the court.

DAVIS and JACK, for Plaintiff in Error.

J. A. LOGAN, for Defendant in Error.

CATON, J. This was an action of replevin for a horse. The bill of exceptions shows that in the spring of 1852, a son of the plaintiff, about eighteen years of age, and who resided with him, exchanged the horse in question, which belonged to the plaintiff, with the defendant, for another horse. A few days before the exchange the plaintiff forbid his son to exchange the horse. After the exchange the son took the horse home to the plaintiff. The agreement to exchange was made on Saturday, and the exchange was made several days after. The son told his father, on the Saturday, the agreement which he had made to exchange, and it does not appear that the plaintiff expressly approved of or forbid the exchange. The witness does not seem to remember what his father said about it, only he says he knows his father did not tell him to make the exchange. Nor does it appear, from the son's testimony, that his father made any objections when he brought the horse home which he got of the defendant. The plaintiff was afterwards seen riding the horse. A few days after the exchange, the plaintiff told the witness, Snyder, that if the horse which his son had swapped with the defendant for, " lived and lucked well, he would make a horse that would sell for more than the one his son had

Hall *v.* Harper.

swapped to defendant." The parties lived about two miles apart, and met several times; and on one occasion the defendant rode the horse in controversy to the plaintiff's house, but nothing was said between them about the exchange of horses which had been made. Two or three weeks after the exchange had been made, the plaintiff was taken sick and remained ill till about the time this suit was commenced. After the exchange the son took the horse home to his father's, where he remained two or three months; at the expiration of which time, the plaintiff took the horse back to the defendant and offered to return him, and demanded of the defendant the horse which his son had let him have. The defendant refused to return him, whereupon this suit was brought.

From this evidence, the jury was well warranted in finding that the plaintiff had acquiesced in and approved of the exchange of horses which had been made by his son, and thus adopted that act as his own. He did not repudiate the bargain which his son had made for the exchange when he was advised of it before the exchange was actually made, but passively allowed the executory bargain to be executed; and when his son brought the horse home he made no objections to the exchange, but retained and used the horse obtained of the defendant. He still forbore to remonstrate when he met the defendant several times subsequently, and even when the defendant rode the horse, which he had obtained of his son, to his house. It is plainly inferable, from the evidence, that he retained and treated the horse as his own for about three months, without a word of dissatisfaction or disapproval. An old and just legal maxim may well be applied to the plaintiff here, which says, if he keep silent when duty requires him to speak, he shall not be allowed to speak when duty requires him to keep silence. His continued silence and long apparent acquiescence in the act of his son, well justified the defendant in supposing that it met with his entire approval. He cannot be allowed to lay by and speculate on the chances of a good or a bad bargain, or upon the chances of the horse, procured of the defendant, turning out good or bad; or, to use his own expression, "lucking well." If he intended to repudiate the action of his son, he should have done so promptly, so that the defendant might know what he had to rely upon.

We think a different verdict would not have been justified by the evidence, and the judgment must be affirmed.

*Judgment affirmed.*