111  323
46a 515
111  323
79a 273

111  323
107a 4 64

George M. De Land

*v.*

The Dixon National Bank.

*Filed at Ottawa November 17, 1884.*

1. EVIDENCE—*as to condition of bank account—countervailing testimony as to payment.* Where a bank depositor, in a suit against the bank, shows his deposits of money, the burden will rest upon the bank to establish, by competent evidence, that the same has been paid out by or under the authority of the depositor.

2. CREDIBILITY OF WITNESSES—*and weight of testimony—the jury to determine.* The jury are the sole judges of the credibility of the witnesses and of the weight of the evidence, and the court, in its instructions, should not infringe upon this rule, but should leave the jury free to determine for themselves the weight of the evidence, and on which side it preponderates.

3. An instruction that if the jury believe, from the evidence in the case, that the plaintiff has proved his case by only one witness, and that he has been contradicted as to all material portions of his testimony by one witness of equal credibility and means of knowledge, then, as a matter of law, the plaintiff has not proved his case, is erroneous, even if there was no other testimony in the case except that of the two witnesses, and especially when the plaintiff had made out his case independently of the testimony of himself.

4. AGENCY—*ratification by acquiescence.* The fact that a depositor in a bank remained silent for over two years after being informed that the cashier had signed his name to a check, and took no measures to assert his rights, may be regarded as a strong circumstance tending to show that the cashier was authorized to draw the check; but it is error to instruct the jury, as a matter of law, that if the depositor neglected to repudiate the act within a reasonable time after being informed of the facts, he thereby ratified and confirmed the act of the bank in charging him with such check.

APPEAL from the Appellate Court for the Second District;— heard in that court on writ of error to the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. BARGE, RATHBUN & BARGE, for the appellant:

The defendant undertook to collect the Dart note for the plaintiff, and is responsible for the negligence or default of a notary, or correspondent, or its own servants and agents. *Darcy* v. *Jones,* 42 N. J. L. 28; *Arnault* v. *Pacific Bank,* 47 N. Y. 570; *Walker* v. *Bank,* 9 id. 582; *Ætna Ins. Co.* v. *Alton City Bank,* 25 Ill. 243; *Commercial Bank* v. *Union Bank,* 1 Kern. 203.

A forged indorsement or check can not be ratified. *Shisler* v. *Vandike,* 92 Pa. St. 447; *McHugh* v. *County of Schuyler,* 69 id. 391.

The burden of proof was on the bank to show it had paid out the deposit by authority. *Watt* v. *Kirby,* 15 Ill. 200.

Bankers are presumed to know the signatures of their customers, and they pay checks purporting to be drawn on them, at their peril. *Weissen's Admr.* v. *Dennison,* 10 N. Y. 68; *Bank* v. *Ricker,* 71 Ill. 439; *Price* v. *Neal,* 3 Burr, 1354; *Wilson* v. *Alexander,* 3 Scam. 392; *Hoffman* v. *Bank of Mil-*

*waukee*, 12 Wall. 181 ; *United States Bank* v. *Bank of Georgia*, 10 Wheat. 333 ; *Marine Bank* v. *Chandler*, 27 Ill. 525 ; *Marine Bank* v. *Rushmore*, 28 id. 463 ; *Linkham & Co.* v. *Heyworth*, 31 id. 519.

Mr. A. K. TRUSDELL, for the appellee :

That appellant's acquiescence amounts to a ratification of the cashier's act in signing his name to check, see 1 Livermore on Agency, 44 ; Paley on Agency, 171 ; *Bank* v. *Warren*, 15 N. Y. 577.

Where the court is satisfied, from the whole record, that substantial justice has been done, it will not reverse. *Glickauf* v. *Hirschhorn*, 73 Ill. 577 ; *Railway Co.* v. *Ingraham*, 77 id. 309.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

George M. De Land, appellant, was a depositor with the Dixon National Bank from 1873 until 1877. In the month of April, 1877, the bank made out and delivered to De Land a pass book and forty-two vouchers, which contained a full statement of moneys received by the bank and moneys paid out, as shown by the forty-two vouchers. From 1873 to 1877 De Land had no book showing his transactions with the bank, but the entire account was kept by the bank. The statement of account, as furnished by the bank in April, 1877, showed the account balanced, and nothing due De Land. No steps were taken by him in regard to the transaction until October 17, 1879, when he brought this action, claiming a balance due from the bank. The declaration contained the common counts, under which the plaintiff claimed to recover for money deposited with the bank, and for money collected by the bank from other parties in his favor, and not paid over. The defendant pleaded *non assumpsit*, and also a plea of set-off. In the latter plea the defendant claimed to re-

cover two promissory notes,—one dated May 8, 1878, amount $127, and one for $707.62, dated November 15, 1877, executed by De Land and one Trueman, who was at the time cashier of the bank. On a trial of the cause before a jury, the bank recovered a judgment for $1093.93,—the amount of the two notes and interest set out in the plea of set-off. This judgment was affirmed in the Appellate Court, and De Land, the plaintiff in the action, has appealed to this court.

It was claimed on the trial that certain checks which purported to have been signed by De Land, and which were charged against him in the account rendered by the bank, were never executed by him or by his authority. One of the checks,—and, indeed, the only one over which there seems to have been reasonable ground for controversy,—was dated February 3, 1876, payable to J. C. Wiswell, or bearer, for $600, signed "Geo. De Land." The plaintiff testified that he never signed this check or authorized it signed, while on the other hand, Trueman testified that he drew and signed the check for and at the request of De Land,—that the money was used to cover the loss in a wheat deal on the board of trade in Chicago, in which the two were engaged. Whether this check was drawn with or without the authority of De Land, was a question purely for the determination of the jury, and the testimony bearing upon the point was in the main confined to the evidence of De Land on behalf of himself, and of Trueman for the bank. It was therefore necessary, in order that the jury might arrive at a correct result, that the instructions should be accurate. Among others, the court, on behalf of the bank, gave the following instruction:

"The court further instructs you, that the burden of proof in this case is upon the plaintiff to prove his case; and if you believe, from the evidence in the case, that the plaintiff has proved his case by only one witness, and that he has been

contradicted as to all material portions of his testimony by one witness of equal credibility and means of knowledge, then, as a matter of law, the plaintiff has not proved his case."

This instruction was calculated to mislead the jury. The plaintiff claimed that he was entitled to recover the $600, which he was, unless the check drawn in favor of Wiswell was in some way authorized or sanctioned by him. But as to this part of the case the burden of proof did not rest on the plaintiff. When he established that the money had been deposited in the bank, the burden of proof rested upon the bank to establish, by competent evidence, that the money had been paid out by or under the authority of the plaintiff. But the instruction ignores this rule, and informs the jury that the burden of proof is on the plaintiff to prove his case.

The instruction is also liable to another objection. While it was the duty of the jury, where there was a conflict between the evidence of two witnesses, as here, to weigh and consider all facts and circumstances introduced in evidence, in connection with the testimony of the two witnesses, and from all the facts in evidence determine on which side the weight of evidence may be, the jury were, in effect, directed, as a matter of law, that where one witness testified to a certain fact, and was contradicted by another of equal means of knowledge and credibility, no case was made out. Had there been nothing before the jury save only the evidence of the two witnesses, we are not prepared to say the instruction would have been correct. It is an unsafe rule to announce to a jury that there is no preponderance in such a case. The jury are the sole judges of the weight to be given to all evidence introduced for their consideration, and the instructions of the court should not infringe upon this rule, but leave the jury free and untrammeled to determine for themselves the weight of all evidence, and also upon which side of the case the evidence may preponderate.

In defendant's fifth instruction the jury were informed that it was the duty of De Land to repudiate the act of Trueman in signing his name to checks, within a reasonable time after he was informed of the fact, and if he neglected to do so, he ratified and confirmed the act of the bank in charging him, in his account, with the amounts of such checks. The fact that De Land remained silent, and did nothing in the way of asserting his rights, for about two years and a half after he received from the bank a full statement of his account, together with the checks which he now claims were unauthorized, may be regarded as a strong circumstance for the consideration of the jury, tending to establish that the giving of the checks was authorized by him; yet we are not prepared to hold that such conduct on his part should be regarded as a ratification and confirmation of such an unauthorized act, if it was unauthorized. We are aware of no authority which carries the doctrine of ratification of an unauthorized act to the extent that does the instruction. This instruction, and several others announcing the same rule, were calculated to mislead the jury, and should not have been given.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*