Pohl v. Davenport Malt & Grain Co.

---

# PAUL POHL

## v.

# DAVENPORT MALT & GRAIN COMPANY.

*Sales—Payment to Agent—Ratification.*

1. In an action brought to recover the selling price of certain goods, it clearly appearing that the agent selling the same was not authorized to accept payment therefor, such payment having been made, this court

holds that delay in bringing suit was enough to raise the question of ratification of the servant's act in making the collection; that it was error to take the case away from the consideration of the jury and direct a verdict for the plaintiff, and that the same can not stand.

2.  The question of ratification is for the jury.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. GOLDZIER & RODGERS, for appellant.

Mr. W. A. FOSTER, for appellee.

MR. JUSTICE SHEPARD.  This action was brought by appellee against appellant to recover for the price of one hundred bushels of malt sold to him by appellee, through A. W. Schwone, its traveling salesman.

On the trial below, the court instructed the jury to find a verdict for the plaintiff (appellee), and to assess the damages at the full sum claimed.

The evidence is undisputed, that Schwone had full authority to make the sale, but had no authority to collect the money arising therefrom; that the sale was made on July 2, 1891, and the malt shipped by appellee directly to appellant; that appellant paid Schwone in full for the malt on July 16th; that about August 1st, appellee rendered a statement by mail to appellant that the bill was due and subject to draft; that on August 6th, appellant notified appellee that he had paid Schwone and held his receipt, and suggested an inquiry as to the correctness of such payment; that no written answer was made to such notification, but that about a week later, one John Noth, the business manager of appellee, came to Chicago to see about the matter, and was then shown the receipt given by Schwone; that he recognized its genuineness, and then said to appellant, "I see the bill is paid.  Well, we can do nothing.  Why, we have to leave it go;" that Schwone never accounted to appellee for the money, and that appellee made no other demand for pay-

ment from appellant until by bringing suit in December, 1891.

It does not appear that any communication of any kind took place between appellant and appellee after the interview between Mr. Noth and appellant and prior to the commencement of the suit, about four months later.   The facts and circumstances thus undisputed are sufficient to raise the question of ratification by appellee, of the act of Schwone, its agent, in collecting the amount due from appellant. And that question being raised was one for the jury and not for the court to determine.   DeLand v. Dixon National Bank, 111 Ill. 323.

Do any implications arise under such circumstances ?   Do such facts tend to establish a ratification of the act of payment to Schwone, the agent ?   If they do, then it was error to take the case away from the consideration of the jury, as was done by the court's instruction upon which the verdict was rendered.

In Ward v. Williams, 26 Ill. 447, Chief Justice Caton states the correct principle of law applicable here, as follows :   "In general, where an agent is authorized to do an act, and he transcends his authority, it is the duty of the principal to repudiate the act as soon as he is fully informed of what has been thus done in his name by the agent, else he will be bound by the act as having ratified it by implication."   Mr. Justice Sheldon, in Searing v. Williams, 69 Ill. 575, quotes the language just copied with approval, in support of his own statement that "There need not be an express ratification, but a subsequent assent may be inferred from circumstances, which the law considers equivalent to an express ratification."

Mr. Justice Craig, in De Land v. The Dixon National Bank, *supra*, announces adherence to the same rule of law, saying that silence by a principal, and doing nothing by him in repudiation of the acts of an unauthorized agent for a considerable period of time, "may be regarded as a strong circumstance for the consideration of the jury, tending to establish " that the act complained of was authorized by him.

In Marine Company v. Carver, 42 Ill. 66, it was held, upon the facts in that case, that however clear the right of recovery might have been if the act had been promptly repudiated, the facts amounted to a ratification which would prevent a recovery; and the court, speaking through Mr. Justice Lawrence, said: "At least no room should be left for doubt in the minds of the parties concerned, as to whether the act is repudiated or ratified."

Again, in Casey v. Carver, 42 Ill. 225, it is said that assent may "be proved by positive or circumstantial evidence," and that to avoid the settlement in that case "notice should have been given that they did not sanction the settlement, at the earliest practicable period after they learned the facts."

With these rules of law before us, it is manifest that the facts in the case at bar tended to establish a ratification, and that it was error to take their consideration away from the jury. *Non constat* but if the appellee had promptly repudiated the action of Schwone in collecting the money, appellant might have had an effectual remedy over against Schwone, which became lost to him before December, when the suit was begun.

The cause will be reversed and remanded.

*Reversed and remanded.*