## Joseph Wolf Company v. Bank of Commerce.

1. PRINCIPAL AND AGENT—*Act of Agent Beyond His Authority May be Ratified by Principal.*—Where the secretary of a corporation executed a note, which he had no authority to do, and the president of the corporation, who did have such authority, knew within one week that the secretary had executed the note and the purpose for which it was done, the knowledge of the president is, in legal contemplation, the knowledge of the corporation, and his tacit acquiescence in what had occurred amounts to a ratification of the unauthorized act.

2. RATIFICATION—*Need Not be by Express Act.*—There need not be an express act of ratification, but a subsequent assent may be inferred from circumstances.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 26, 1903.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

FELSENTHAL & FOREMAN, attorneys for appellee.

The note was signed as the note of the corporation by the secretary at the instance and request of the president, in whom was lodged the discretion and authority to issue notes. The act of the secretary in signing the note was merely ministerial, and is in fact the act of the president and through him of the corporation. The maxim "*Delegatus non potest delegare*" does not apply. Handyside v. Cameron, 21 Ill. 588–590; Daniel, Negotiable Instruments, Sec. 277; Commercial Bank v. Norton, 1 Hill (N. Y.), 501; Weaver v. Cornall, 35 Ark. 199; 1 Am. & Eng. Ency. of Law (2d Ed.), 978; Eldridge v. Holway, 18 Ill. 446.

The corporation was bound to promptly repudiate the alleged unauthorized doings of its secretary, and failing so to do the jury was justified in finding that it ratified the act. It also enjoyed the benefit of the act and is estopped from questioning the authority. Lepman v. Woods, 79 Ill. App. 269; Meister v. Cleveland Dryer Co., 11 Ill. App. 227;

Ward v. Williams, 26 Ill. 447; 4 Thompson's Commentaries on Corporations, Sections 5298, 5299, 5300, 5302, 5312.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for the sum of $717, rendered in an action of assumpsit by appellee against appellant on the following promissory note:

" $600.                          CHICAGO, ILLINOIS, July 25, 1898.

Three months after date we promise to pay to the order of M. Salomon, six hundred dollars. Payable at 1002 Ft. Dearborn Bldg. Value received.

(Signed)    JOSEPH WOLF CO.,
by A. W. White, Secy.

12c stamps.    Due 10–25."

The note is indorsed, " M. SALOMON."

The declaration consists of two special counts on the note. Appellant pleaded the general issue verified and two special pleas. The first special plea is, in substance, that the defendant is a corporation and is only authorized by its charter to do a general business in whisky and other merchandise; that, by defendant's by-laws, adopted May 18, 1895, it was provided, and ever since said date has been provided, that its secretary should have no authority or power to execute or sign, on behalf of defendant, any note or other instrument, which might be required for or on behalf of defendant; that the said White, by whom said note was signed, has no power or authority to sign the same; that said note was attempted to be made and executed by said White, defendant's secretary, solely for the accommodation of the defendant, Moses Salomon, and without any good or valuable consideration moving from said Salomon, or from the plaintiff, to the defendant, the Joseph Wolf Co. The second special plea is, in substance, that the note was made without any good or valuable consideration, of which the plaintiff, before the indorsement and delivery of the note to it, had notice. Both the special pleas were verified by affidavits. A *similiter* was filed to the plea of the general issue, and the special pleas were traversed by replications. Moses Salomon was originally a defendant,

but by order of the court, and amendment of the pleading, etc., the cause was dismissed as to him.

The facts are substantially as follows : The note in suit was deposited by Moses Salomon in the appellee bank July 25, 1898, to take up a former note which Salomon, who was a depositor in the bank, had discounted by the bank. The note thus taken up with the note in suit, was a note executed by appellant as maker, for the accommodation of Moses Salomon, and before that note become due, and also before the note in suit was executed, appellee's president was informed by appellant's secretary that the former note was an accommodation note. It appears from appellant's by-laws and also from the testimony of appellant's president and secretary, that Secretary White had no power or authority to execute notes for or on behalf of appellant, and that at the time he signed the note in suit he had no authority so to do. Joseph Powell, who was formerly in appellant's employ, and who seems to have been discharged by appellant, testified that Mr. Wolf, appellant's president, told him that he, Mr. Wolf, was going to ask Mr. White to sign the note for the purpose of raising funds to defend the suit, and if the suit resulted to his advantage, they would then pay the note, and if it did not, they would repudiate it. What suit the witness referred to does not appear from the abstract. On cross-examination he was asked when the conversation which he testified to occurred, and he said he could not tell; that he knew it was somewhere from February, 1897, till the summer of 1898; that he could not tell whether it was February, 1897, or August, 1898. He did not testify that Mr. Wolf asked White to sign the note, or that he authorized him so to do. Mr. Wolf was absent from the city when White executed the note, but he knew that White had so done in about a week after he did it. The by-law put in evidence provides that the president shall sign all notes and other instruments which may be required in the business of the company, and the evidence is that the president, in fact, signed all such notes and instruments. Mr. White explains his action in the prem-

ises by testifying that the former note made by appellant matured while the president was absent from the city; that payment was demanded by appellee and he called up Salomon, who should have paid it, but who said he could not, and in the emergency, he, to protect appellant's credit, executed the note.

The contention of appellant's counsel that there can be no recovery because the note which was taken up by the note in suit was an accommodation note, and appellant was not authorized by its charter to make accommodation notes, can not be sustained. Appellant's charter was not put in evidence, but by its by-law, in evidence, the president was authorized to execute bonds, notes and other instruments required in the course of the company's business, and it appears from the evidence that the president signed all notes of the company. The appellant is a business corporation, organized for pecuniary profit, having power to purchase on credit real and personal property necessary for the transaction of its business, and to execute notes as evidence of its indebtedness (4 Cook on Corporations, Sec. 761), which being true, if it executed a former note which was taken up by the note sued on, and that note was an accommodation note, the execution of it was a mere abuse of its power, which it can not avail of as a defense, especially as appellee did not know, when it discounted the note, that it was an accommodation note. Hartford Deposit Co. v. Rector, 92 Ill. App. 175, 180, and cases there cited.

An innocent purchaser of paper indorsed for accommodation by a trading corporation, may enforce the same against the corporation. 2 Cook on Corporations, Sec. 774, and note 1. Such, also, is the law as to notes made by the corporation. *Ib.*

The defense of *ultra vires* is inapplicable to the note sued on, as it was not an accommodation note merely, but was given in consideration of a valid, subsisting indebtedness of appellant to appellee, evidenced by appellant's former note, and to extend the time for the discharge of that liability.

Neither can the proposition be sustained that the note

sued on was made without consideration. The note taken up by the note in suit was appellant's note and was discounted by the bank, without any knowledge that it was an accommodation note. Appellant, then, was liable on that note, and its surrender was a sufficient consideration for the note in suit.

But appellant's counsel contend that White, appellant's secretary, had no power or authority to execute the note in suit, and therefore there can be no recovery. We think the preponderance of the evidence sustains the contention that White had no authority to execute the note, but the question remains whether the conduct of Mr. Wolf, appellant's president, and of appellant, in respect to the note, did not amount to a ratification of White's action in the premises.

Following is the by-law heretofore referred to :

" The president shall preside over all meetings of the stockholders and of the board of directors, at which he may be present, and if he is not present, the meeting may elect its own chairman. The president generally shall exercise a general supervision over the business of the company under the orders and directions of the board of directors. The several officers of the company shall make such regulations touching the business of the company as may from time to time be required. He shall execute all bonds and other instruments required to be made and executed for and on behalf of the company; he shall also execute all notes, drafts, bills of exchange and other instruments which may be required for or on behalf of the company in the course of prosecuting its business, and he shall do all things in and about the business of the company as he may from time to time be directed to do and perform by the board."

This by-law constituted the president the general manager of appellant's business, and its sole agent for the execution of bonds, notes and other instruments in writing. Mr. Wolf, appellant's president, knew that White had signed the note in suit one week after he, White, signed it, and the purpose for which it was signed. This knowledge of Wolf was, in legal contemplation, the knowledge of the appellant corporation.

"It may be stated, as a general rule, that notice given to an agent of a corporation, in relation to any matter within the scope of the agent's functions, operates as notice to the company.    Notice served upon a head officer or managing agent may, therefore, usually be regarded as served upon the corporation itself."    1 Morawetz on Corporations, (2d Ed.), Sec. 540b; Quincy Coal Co. v. Hood, 77 Ill. 68.

This doctrine necessarily results from the impossibility that a corporation can know anything except by and through its officers or agents.    Mr. Wolf, appellant's president, and appellant, knowing, in a week after the secretary signed the note, that he had signed it, and knowing also, as the evidence shows, the purpose for which it was given, failed to notify appellee that White had no authority to sign.    So far as appears from the evidence, appellee was, for the first time, notified of White's want of authority by appellant's plea.    The question is, whether this silence on appellant's part was such acquiescence in White's execution of the note, as was, in law, a ratification thereof.    At the time the note was given, appellant's former note held by the bank, and for which appellant was liable, had matured, and appellee could then have sued appellant on that note in the event of non-payment.    Appellant's liability to pay the claim evidenced by that note was extended by the execution to appellee of the note in suit, which it took in good faith, and appellee's remedy was thereby postponed three months. Such being the case, it would seem to have been appellant's duty, when it discovered that White had executed the note, if it relied on his want of authority so to do, to notify appellee of such want of authority, and place appellee in the same situation, as far as might be, as it was in before it surrendered the former note.    This, however, appellant did not, but tacitly acquiesced in what had occurred.    Mr. Justice Story, in his work on Agency, Sec. 253, says:

"But by far the largest class of cases of ratifications of unsealed contracts arises by implication from the acts and proceedings of the principal *in pais;* for it is by no means necessary that there should be any positive or direct confirmation.    *    *    *    When the evidence is doubtful, and

may admit of different interpretations, then it seems proper to submit the question for the decision of the jury.   *   *   * Slight circumstances and small matters will sometimes suffice to raise the presumption of a ratification."

The author further says :

" Long acquiescence, also, without objection, and even the silence of the principal, will, in many cases, amount to a conclusive presumption of the ratification of an unauthorized act; especially where such acquiescence is otherwise not to be accounted for, or such silence is either contrary to the duty of the principal, or it has a tendency to mislead the agent." ' Ib., Sec. 255; see, also, Thompson's Com. on Law of Corporations, Sec. 5298; Lepman v. Woods, 79 Ill. App. 269, 273; De Land v. Dixon Nat. Bank, 111 Ill. 323; Searing v. Butler, 69 Ill. 575.

In the last case the court say :

" There need not be an express act of ratification, but a subsequent assent may be inferred from circumstances."

It was to the interest of the appellant, after its president learned from White, the secretary, what he had done in the matter, to acquiesce in and ratify his acts, as the company's note, on which it was clearly liable, had, by giving the note sued on, been practically extended, and we think it a legitimate inference from the evidence that appellant ratified the action of its secretary.

Appellant's counsel contend that the court erred in refusing to give instructions 4, 5, 6 and 7, asked by appellant. We have examined these instructions and are of opinion that there was no error in the refusal to give them, or any of them.

The judgment will be affirmed.