Be-Mac Transport, Inc., Appellee, v. Michigan Express, Inc., Appellant.

Gen. No. 45,767.

Opinion filed December 8, 1952.
Rehearing denied December 22, 1952. Released for publication December 23, 1952.

AXELROD, GOODMAN & STEINER, and EDWARD G. BAZELON, all of Chicago, for appellant.

MYER N. ROSENGARD, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Defendant appeals from an adverse judgment entered in the Municipal court in the sum of $618.76, pursuant to trial by the court without a jury.

It appears that plaintiff and defendant were both motor common carriers; that on October 7, 1947 plaintiff, as an initial carrier, received for transportation from L & S Bearing Company, at Oklahoma City, Oklahoma, two shipments of ball bearings. The bills of lading stated on their face that the carrier was to deliver the shipments on a C.O.D. basis to the designated consignee in Muskegon, Michigan, and to collect the sums of $320.26 and $217.80. The shipments were turned over by plaintiff to defendant as a connecting carrier, together with the documents calling for C.O.D. delivery only. When the shipments arrived at Muskegon, Michigan, it appeared that they had been erroneously or insufficiently addressed, and defendant, without obtaining consent from plaintiff, but upon direction of one Marvin Pranger, whose business card indicated that he was employed as a sales representative by the L & S Bearing Company, the shipper, and solely upon his direction, made delivery to a different consignee without being paid the amount of the purchase price.

Subsequently, in April of 1948, defendant was notified by plaintiff that claim was made against it by the shipper, L & S Bearing Company, for the amount of the C.O.D. charge, $538.06. Much correspondence thereafter passed between the attorneys for plaintiff and defendant relative to the shipper's claim, some of which challenged Pranger's authority.

Following the controversy carried on by correspondence between the respective counsel, plaintiff was sued in Oklahoma by the shipper, and summons was served on one of its agents. Plaintiff immediately telegraphed defendant's attorney, who responded by letter stating in substance that it would not defend the Oklahoma

461

proceeding but offering to furnish any documentary proof in its possession to plaintiff's counsel. Trial in the county district court of Oklahoma resulted in a judgment against plaintiff for the total amount of the two shipments and costs. On trial of the instant proceeding a certified copy of the judgment and findings of the court was offered and admitted in evidence, showing the finding of the Oklahoma court that Pranger did not have authority, expressed, apparent, or implied, to receive the shipment, and that his employer, L & S Bearing Company, the shipper, did not at any time ratify Pranger's action.

As the case was tried in the municipal court of Chicago, plaintiff, following the allegations of its statement of claim, relied, not on the Oklahoma judgment, but upon its right to recover the sales price for the C.O.D. shipments by reason of defendant's breach of contract in making delivery to a different consignee without requiring payment for the goods, notwithstanding the shipper's direction to make delivery only upon a C.O.D. basis.

It is clear that Pranger was employed by the shipper and acted as its agent, but his authority to direct delivery to a different consignee and without receiving payment, is challenged. Whether or not he exceeded his authority is not decisive, however, because after Pranger ordered the goods delivered to a different consignee, Bruce F. Howard, credit manager for L & S Bearing Company, the shipper, wrote to defendant December 22, 1947 as follows: "Gentlemen: Your letter of December 10th, regarding these two C.O.D. shipments, has been received, and we have also received confirmation from our Mr. Pranger that these shipments were released without collection of C.O.D. charges by his authorization. In the future, please see that any C.O.D. shipments made by us are not released unless written authorization from our Oklahoma City

office is received." From this letter, as well as from other evidence, it clearly appears that the shipper had received confirmation from Pranger that the shipments had been released without C.O.D. charges on Pranger's direction, and that the shipper at that time had knowledge of what its agent had done. Instead of disavowing Pranger's authority, the shipper ratified his conduct. Moreover, evidence introduced at the trial in the municipal court indicates that counsel for both defendant and plaintiff concurred in interpreting the letter of December 22, 1947 as a ratification of Pranger's act.

██ There is abundant authority that a corporation may ratify the actions of its agents (Black's Law Dictionary, 4th ed., p. 1428; Mechem on Agency, 2d ed., vol. 1, pp. 270 et seq.; *Wolfe v. Shell Petroleum Corp.*, 83 F. (2d) 438; *Miller v. Chatsworth Sav. Bank*, 203 Iowa 411, 212 N. W. 722); and that ratification may be by implication (Mechem on Agency, 2d ed., vol. 1, p. 341; *Baltimore & O. R. Co. v. Foar*, 84 F. (2d) 67; *Pohl v. Davenport Malt & Grain Co.*, 46 Ill. App. 513) or by acquiescence (*Lozier Motor Co. v. Rice*, 209 Ill. App. 425). In the case at bar, at the time the letter of December 22, 1947 was written, the shipments had already been released, and the shipper had full knowledge of that transaction; it therefore seems reasonably clear that the action of the defendant in releasing the C.O.D. shipments was, by implication, definitely ratified.

██ The remaining contention relates to the proceedings had in Oklahoma. As heretofore stated, the judgment order entered in the Oklahoma court found that Pranger did not have authority to receive the shipments and that his employer did not at any time ratify Pranger's act. It is urged by plaintiff that when, having had ample notice, defendant did not defend the Oklahoma suit, it became bound by all the findings and judgment of the Oklahoma court, and that inasmuch as

it is of record that plaintiff paid this judgment, defendant became liable to indemnify it for the amount paid and had no legal defense to the instant suit. In plaintiff's statement of claim in the municipal court of Chicago it placed no reliance whatever on the Oklahoma judgment; in fact, it did not sue on the judgment, but, rather, predicated its claim for recovery of the sales price of the C.O.D. shipments on defendant's breach of contract in making delivery to a different consignee without requiring payment for the goods, notwithstanding the shipper's direction to make delivery only upon a C.O.D. basis. Having proceeded solely on that theory, plaintiff should not now be permitted to so far deviate from its pleading as to seek to bind defendant to the findings and judgment of the Oklahoma court.

For the reasons indicated, the judgment of the municipal court is reversed and the cause remanded with directions that judgment be entered for defendant and costs taxed against plaintiff.

*Judgment reversed and cause remanded with directions.*

NIEMEYER, J. and BURKE, J., concur.