EBER B. WARD, Appellant, *v.* JOSEPH H. WILLIAMS, for the use, etc., Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

If an agent transcends his authority, the principal on information should repudiate the action, or he may be considered as having ratified it. If a stranger does an unauthorized act in the name of another, it will not be binding on him unless expressly ratified.

Where a party entrusts his agent with a promissory note signed in blank, with the check mark filled, and the agent changes the note to a bill, the principal will be bound by the act, if he does not disavow it, when informed of the change made, and places his refusal to pay on other grounds.

THIS action was brought by Williams as president of the Southern Bank of Indiana, against Ward, as the indorser of a bill of exchange. The principal facts are briefly these :

Ward, living at Detroit, wrote his name on the back of a printed form of a note, blank, except the check mark, which was filled with $3,000, and delivered it to one G. F. Lewis, on which to raise money for him, Ward. Ward and Lewis had before borrowed money from the Southern Bank. On the 28th of January, 1858, Lewis presented this paper at the Southern Bank and applied for a discount. By the direction of Lewis it was changed to the form of a bill of exchange drawn by himself, payable to the order of Ward on the Metropolitan Bank, New York, at three months, and was discounted for $2,000 by the bank. There is no evidence as to the rate of interest taken on this loan, but the cashier testifies that their uniform rate was six per cent. and that they took bills on New York to provide themselves with exchange, the balance of trade then being in favor of New York. Out of the proceeds, Lewis paid a balance of $1,000 on paper that had before been discounted at the

Southern Bank for the joint benefit of Ward and himself, and which had been lying under protest since December 5th. The balance he took. Ward was immediately notified of the use which had been made of the paper.

The bill was sent to the Park Bank, New York, in the regular course of business, and was protested for non-payment April 28th, and Ward duly notified.

Williams wrote to Ward, calling on him to pay the bill. Ward answered May 17th, and said: "I do not desire to delay or interrupt any proceedings you may have in contemplation," and that he will "be perfectly satisfied with any proceedings he (Williams) may see fit to take."

On the 16th of August, the bill was presented to Ward. He took it in his hands and read it. He made no objection to the form of the paper, nor any objection at all on his own account, and said he would arrange to pay it them if Lewis had not told him not to do so. He again invited a suit, saying he wanted it brought to trial ; that he would give no trouble ; would accept service and make no defense. If judgment went against him, he would realize on his securities and pay it up.

At the request of the plaintiff's counsel, the court gave to the jury, among others, the following instructions :

If, in making the note and bill which have been given in evidence, they were made payable in New York, for the purpose of allowing a rate of interest exceeding what was legal in Indiana, the parties understanding that the money was not to be paid in New York, but in Indiana, the usury law of New York, which has been given in evidence, has no application to the case, and will be disregarded by the jury.

If the defendant delivered the paper in question to Lewis, the drawer, blank, with his indorsement upon it, for the purpose of enabling him to raise money upon the paper, and if the words "promise to" were erased and the paper discounted in the form of a bill of exchange, and if the defendant was immediately notified thereof, it was his duty, if he intended to disaffirm the transaction and deny his liability, to give notice to the holder of such disaffirmance, and if he failed to do so, the jury may infer therefrom his acquiescence in and ratification of the act. This is the law, if his attention was particularly called to the alteration in such a way that the jury are satisfied, from the evidence, that he must have known of the alteration at the time.

To the giving of which, exceptions were taken.

The defendant requested the court to instruct the jury as follows, which the court refused to do :

That if the jury believe, from the evidence, that the bill of exchange, upon which a recovery is sought in this action, was

made to be discounted by the Southern Bank of Indiana, and that in making such discount, said bank contracted for or knowingly and intentionally reserved or received to itself, directly or indirectly, a greater rate of interest than seven per cent. per annum in advance (being the rate of interest authorized by the laws of the State of New York where such bill was made payable), said bill is void, and their verdict must be for defendant.

If the jury believe, from the evidence, that the note of Sept. 5th, 1857, given in evidence by defendant, was discounted for the maker by the Southern Bank of Indiana, and that said bank, in making such discount, contracted for and knowingly and intentionally received or reserved to itself, directly or indirectly, a greater rate of interest than seven per cent. per annum taken in advance (being the rate of interest authorized by the laws of the State of New York, where said note was made payable), said note was void; and if the jury believe, from the evidence, that the bill of exchange, upon which a recovery is sought in this action, was given in whole or in part consideration of said note, or in renewal or extension thereof in whole or in part, then said bill is void, and they must find their verdict for the defendant.

That by the laws of Indiana, the legal rate of interest for the loan of money is six per cent. per annum, and by the laws of New York, the legal rate of interest is seven per cent. per annum. If the jury believe, from the evidence, that the note given in evidence, bearing date the 5th day of September, A. D. 1857, was made and indorsed for the purpose of having the same discounted at a rate of interest exceeding seven per cent. (the legal rate in New York), and the same was made payable in the State of New York and with reference to the laws of New York, and that the Southern Bank of Indiana, by its officers and agents, corruptly and usuriously discounted the said note at a rate of interest exceeding seven per cent. per annum, then the said note was governed by the laws of New York, and by the statute of that State given in evidence, was void from the time it was so discounted; and if the jury further believe, from the evidence, that the said note so discounted was the consideration in whole or in part of the bill sued on in this cause, then such consideration is illegal, and said bill sued upon in this cause is, for that reason, wholly void, and the jury will find for the defendant.

That although the jury may believe, from the evidence, that after the time for the maturity of the bill sued on, the said defendant Ward had a conversation with the cashier of the said Southern Bank of Indiana, and in that conversation, the said Ward told the said cashier that he would admit service of pro-

cess to commence a suit against him on said bill, and that he would not make any defense to such suit, except what he made through Lewis; but at the same time stated to said cashier, that he had been notified by Lewis not to settle it, and that Lewis was going to defend the action on the bill, such statements should be considered together by the jury, and are not sufficient in law to amount to a ratification of the alteration of said paper into a bill of exchange.

That the taking of security by Ward from Lewis, to indemnify him against liability upon the bill of exchange, upon which a recovery is sought in this action, would not render him liable upon the same, or authorize a recovery against him for it, if he were not liable thereon before taking such security.

That if the jury believe, from the evidence, that the bill of exchange upon which a recovery is sought in this action, was discounted by the Southern Bank of Indiana, and was made payable in the city of New York at the instance of said bank, for the purpose and with the intention of enabling it to receive the difference in exchange between Terre Haute and New York, by way of payment for the loan or use of the money loaned upon said bill, over and above the legal rate of interest which it was authorized to receive by the laws of Indiana, under which it existed, then said bill is void, and their verdict must be for defendant.

The jury found a verdict for the plaintiff, and assessed his damages at $2,237.67.

Whereupon the defendant made a motion to set aside the said verdict and for a new trial, and for cause showed, that said verdict is contrary to the evidence in the case; said verdict is contrary to the instructions of the court; and said verdict is contrary to the law and evidence in the case.

Which motion the court overruled, and the defendant's counsel excepted.

Judgment was rendered on the verdict, and the defendant appealed to this court, and assigns for error the following, viz.:

The court erred in admitting improper evidence, and excluding proper evidence.

The court erred in giving the instructions aforesaid on behalf of the plaintiff.

The court erred in refusing the instructions aforesaid asked on behalf of appellant.

The court erred in overruling the motion made by appellant to set aside the verdict and for a new trial.

Scates, McAllister & Jewett, for Appellant.

Gookins, Thomas & Roberts, for Appellee.

CATON, C. J. The counsel in their arguments, agree upon the correct principle of law as to the ratification of unauthorized acts done by one in the name of another. In general, where an agent is authorized to do an act, and he transcends his authority, it is the duty of the principal to repudiate the act so soon as he is fully informed of what has been thus done in his name, by the agent, else he will be bound by the act as having ratified it by implication ; but where a stranger, in the name of another, does an unauthorized act, the latter need take no notice of it, although informed of the act thus done in his name, and he shall only be bound by an affirmative ratification.

Here Lewis was the agent of Ward to fill up and negotiate the note indorsed by Ward, but in doing so he converted it into a bill of exchange, payable in New York. In this he transcended his authority. But this was subsequently ratified by Ward, if not in express terms, he did so by the strongest implication. If the letter of the cashier, of the 28th of January, three days after this note was negotiated, and the notice of protest did not inform Ward of all the alterations which had been made in the paper by his agent Lewis, or by his direction, which is the same thing, he was informed of the full extent of the alterations when the bill was presented to him for payment by Williams. He then took it in his hands and examined it. Neither then or at any other time did he make any objections to the alterations which had been made in the paper, or deny that it was a genuine piece of paper as it then stood ; but he claimed that Lewis was primarily liable to pay it, and that Lewis had notified him not to pay it. He made no objections to it on his own account. He did not complain that it was not his indorsement, or even that he was not liable on that indorsement for any cause. He did not pretend to know what objection Lewis had to the payment of the bill, and he had, or pretended to have, none himself. We repeat, if this was not an express ratification of the form which had been given to the paper by Lewis, it was a ratification by implication, of the strongest possible character.

The only remaining objection to a recovery upon the bill is usury. The conclusive answer to this is, that it is not proved. The only witness who knew anything about the discounting of the bill, says he does not know at what rate of interest it was discounted. He did not know how much Lewis received for the bill. If it was usury to sell the bill for its face, less the legal rate of interest, when exchange on New York was worth five per cent., the proof does not show but that he actually received this amount for the exchange. But an attempt is made to establish usury, by showing that a previous note between the same parties which was several months over due, was tainted in that

way, and that this bill was given as a renewal of that. But this is not established by the proof. At the time Ward indorsed this bill, he remitted in other funds two thousand dollars towards paying that dishonored note, and the balance of a thousand dollars or more was paid by Lewis out of the proceeds of this bill. This is the most that can be made of this evidence towards establishing the renewal insisted upon, and it falls far short of establishing a renewal of the dishonored note, which may have been usurious. We are left at last in utter ignorance as to how much was received for this bill, or at what rate it was discounted.

We have examined the instructions, and find them conformable to the principles above laid down so far as they go.

The judgment must be affirmed.

*Judgment affirmed.*