[Civ. No. 492.   Third Appellate District.—September 9, 1908.]

UNION OIL COMPANY OF CALIFORNIA, Respondent, v. MERCANTILE REFINING COMPANY et al., Defendants; T. P. SPIERS, LEO DIETLE and GEORGE F. EHRENPFORT, Defendants, Appellants.

ACTION ON JOINT AND SEVERAL BOND—ALTERATION BY ONE SURETY FROM JOINT BOND—WANT OF KNOWLEDGE—JOINT JUDGMENT.—In an action on a joint and several bond, in which it appears that after execution it was changed by one surety from a joint bond to a joint and several bond, without the knowledge or consent of the other sureties, and that the obligee did not know such want of knowledge and consent until after the action was commenced, a joint judgment was properly rendered in his favor against all of the sureties, without reference to such alteration.

ID.—PLEADING AND PRACTICE—RECOVERY OF PART OF RELIEF CLAIMED.— Under our liberal system of pleading and practice, plaintiff is not to be denied any relief, simply because he fails to prove that he is entitled to the full measure that he claims, if the relief granted is justified by the pleading and evidence.

ID.—PLEADING, PROOF, AND FINDING OF FACTS SHOWING ESTOPPEL.— Where the plaintiff pleaded and proved certain facts which were

found by the court upon sufficient evidence, establishing that while the plaintiff was engaged in continuous delivery of oil to the defendants they knew that plaintiff was ignorant of the facts connected with the alteration of the bond for payment, and that neither of them notified or informed plaintiff that any alteration in the bond was made without their knowledge or consent, such facts are sufficient to estop the defendants from denying the validity of the bond as altered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

P. A. Bergerot, and Frank McGowan, for Appellants.

Stoney, Rouleau & Stoney, for Respondent.

BURNETT, J.—The action is upon a bond given to secure the payment by the Mercantile Refining Company to the plaintiff of the consideration for oil furnished by the latter to the former. Plaintiff had judgment, from which and the order denying their motion for a new trial certain of the sureties have appealed.

The main controversy in the cause grows out of the fact that an alteration was made in the bond after it had been signed, but before it was delivered to and accepted by plaintiff. The change was made by one of the sureties—not an appellant—who added the word "severally" making the bond in form "joint and several" instead of "joint" as before the addition.

Assuming that the aforesaid interpolation changed the legal effect of the instrument, and therefore constitutes a material alteration, and that it was made without the knowledge or consent of the appellants, then the rule is as stated by them: "It either rendered the instrument absolutely null and void if the changes were made with the knowledge, express or implied, of the plaintiff, or else left the bond, as it was originally executed, a joint obligation, if the words inserted in it were interlined by a stranger to the bond, or *without any fault or without the knowledge of the plaintiff.*"

In *Walsh* v. *Hunt*, 120 Cal. 53, [52 Pac. 117], the supreme court declares: "The general rule undoubtedly is, as con-

8 Cal. App.—49

tended by appellant, that any material alteration in the contract avoids it, even in the hands of innocent holders, and prevents recovery upon it to any extent.   But this rule has application to cases where such alteration has been made by the payee or party seeking to enforce it.   By the later authorities the rule does not apply in cases where the alteration is by a stranger to the contract, and it is now the settled doctrine, in this country, at least, that such an act by a stranger without the privity of the grantee or obligee, does not avoid the contract in its entirety, even though it be without the knowledge or consent of the party to be bound, but amounts to a spoliation merely, which will not prevent a recovery upon the contract in accordance with its original terms, where those terms can be ascertained.   And this is obviously upon the principle that the act of a mere interloper without the privity of the parties should not be permitted to defeat a contract to the extent that it would otherwise be valid and binding.   And an agent without authority is in this sense held to be a stranger to the transaction.''

In the case at bar the court found: ''That on said date all of said defendants knew that said plaintiff was making deliveries of oil under said contract to said defendant corporation, and intended to make further deliveries of oil thereunder, and they knew that said plaintiff was making such deliveries and intended to make further deliveries, relying upon the credit of said defendant bondsmen and the validity of said bond.   That at said time said plaintiff did not know that said change in said bond was made without the knowledge or consent or authority of all or any of said defendants, and did not know said fact until long after the commencement of this action, . . . but said plaintiff believed that said correction or addition of said word 'severally' therein was made with the full knowledge, consent and authority of each of said defendants, and so believed the fact to be until after the commencement of this action.''

There is ample evidence to support said finding.   Indeed, assuming that said change was made without the consent of appellants, plaintiff had no knowledge of it, and every reason for believing to the contrary.   And respondent was without any fault in acting upon its belief that the change was authorized by appellants.   Therefore, upon authority and the most rudimentary principles of equity appellants are, at least,

bound by the terms of the original contract. The court has, in effect, so held and the judgment is in accordance with the terms of the bond as it existed prior to said change. The judgment is "that plaintiff . . . do have and recover of defendants, T. P. Spiers, Leo Dietle, Geo. W. C. Baker, Angler Baker, Arthur Dietle and George F. Ehrenpfort the sum of," etc. This is the appropriate form of judgment upon a joint and not several obligation. The judgment is in harmony with the conclusion of law, is justified by the findings of fact, and is within the issues raised by the pleadings.

It is true that plaintiff alleged in its complaint that the alteration in said bond was made with the knowledge and consent and by the authority of all of the defendants, but this allegation and the corresponding findings of the court may be disregarded entirely, and still the judgment for plaintiff, for reasons already indicated, must be upheld.

The only answer to this consideration attempted by appellants is that "The suit instituted by the plaintiff to enforce the bond was an action on a 'joint and several' bond and not a 'joint' obligation. The nature of the action was prejudicial to the appellants, in this, that it precluded them, or either of them, from urging as a legal defense to the cause of action, the alleged claim of appellants that the plaintiff had released some of the sureties on the bond." But appellants are entirely mistaken in their understanding of the situation. Under our liberal system of pleading and practice plaintiff is not denied any relief, if justified by his pleading and evidence, simply because he fails to prove that he is entitled to the full measure that he claims. In the case at bar plaintiff alleged facts which are supported by the evidence, justifying recovery under the original instrument. The pleading went further and set forth a change in the terms of the bond, which, if shown as alleged, would entitle plaintiff to the additional relief of a several judgment against the defendants. To hold that a failure to prove these additional allegations is to be sent out of court empty-handed is opposed to the spirit of modern legislation and the decisions of the courts. (Code Civ. Proc., sec. 580; *Bell* v. *Solomons,* 142 Cal. 63, [75 Pac. 649]; *Reiner* v. *Schroeder,* 146 Cal. 416, [80 Pac. 517].)

Nor were defendants precluded from setting up the defense suggested. Ordinary prudence would lead them to urge whatever available defense they might have to any cause of

action set forth in the complaint. If plaintiff had formulated its pleading in two counts, based upon the original instrument and the altered instrument respectively, no one would question the applicability of the rule herein announced. There is no difference in principle, since sufficient facts are alleged to justify a judgment in keeping with either theory, although not separately set forth.

Again, it is found by the court and the evidence is sufficient to support it "that on said 2d day of February, 1903, and while deliveries as aforesaid were being made by plaintiff to defendant corporation, said defendants and each˜ of them knew that plaintiff was ignorant of the facts connected with the said alteration, but believed that said alteration had been made by the authority and with the consent and knowledge of all of said defendants. That said defendants did not nor did any or either of them notify or inform plaintiff that any alteration had been made in said bond without their knowledge or authority, or against their consent, or that said bond was for any reason invalid, or any of the facts or claims respecting the said alteration therein other than the alteration was made with the authority of all persons signing said bond," etc. In other words, we have a familiar illustration of the principle of estoppel. It is sufficiently pleaded—if necessary to plead it in anticipation of the possible defense of unauthorized modification of the original bond—it is warranted by the evidence and properly found by the court.

The rule is just and supported by the authorities that where a document has been altered and notice of such alteration is brought to the attention of the parties affected, it is their duty to disavow it at once, or within a reasonable time after learning thereof, or they are bound by the document as altered. (*Renville Co.* v. *Gray*, 61 Minn. 242, [63 N. W. 635]; *Ward* v. *Williams*, 26 Ill. 447, and cases cited in the note, 79 Am. Dec. 385.)

It is plain here that since plaintiff was furnishing the oil on the strength of the bond it was the duty of appellants to notify respondent immediately of any change in the terms of the bond within their knowledge and not authorized by them.

The other points made and the·citations noted by appellants have all been examined, but they are of mere academic interest and do not demand further notice.   ‹

The judgment is right and should be upheld, and therefore it and the order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 2, 1908.