[Civ. No. 9537. First Appellate District, Division Two.—February 13, 1935.]

WALSH–COL COMPANY (a Corporation), Appellant, v. WILLIAM J. EMIG, Sheriff, etc., et al., Respondents.

L. F. Hobbs for Appellant.

Fred L. Thomas, District Attorney, Frank J. Waterhouse, Assistant District Attorney, Redman, Alexander & Bacon and George J. Zech for Respondents.

STURTEVANT, J.—The plaintiff sued the defendant as sheriff and his bondsmen for injury caused it by the alleged negligence of the sheriff. The trial court sustained the defendants' demurrer to the plaintiff's second amended complaint without leave to amend unless the amended pleading be presented in three days. At the end of seventeen days no amended pleading having been filed a judgment of dismissal was entered. From that judgment the plaintiff has appealed.

The point involved is whether the defendant sheriff acted negligently in accepting from the judgment debtors a certain undertaking and releasing attached property under Code of Civil Procedure, section 540. The plaintiff's complaint is very full and complete with two material exceptions, which will presently be noted. The material allegations involved are as follows: On October 21, 1931, the plaintiff commenced an action against W. E. Cochran and others to recover $932.28, the price of merchandise sold and delivered. It obtained a writ of attachment and caused it to be served on the Broadway Grocery. Two days later Charles F. Harding, Esq., the attorney for the defendants W. E. Cochran and others, appeared at the office of the sheriff, the defendant in this action, and under the provisions of section 540 of the Code of Civil Procedure he tendered an undertaking and

asked that the property so attached be released. The under-taking so tendered was not satisfactory to the sheriff. He, or Mr. Harding, made certain insertions and struck out certain words, and Mr. Harding initialed and dated the changes. As so changed the document was in words and figures as follows:

"WHEREAS, the plaintiff in the above-entitled cause has commenced an action in the aforesaid court against the above-named defendants for the recovery of nine hundred thirty-two and 28/100 dollars (932.28) and costs of suit;

"AND WHEREAS, Wm. J. Emig, sheriff of the county of Santa Clara, state of California, has attached and now holds certain property of defendant, W. S. Stephenson, under the authority of a writ of attachment issued in said action;

"AND WHEREAS, the said defendant W. S. Stephenson, is desirous of securing the release of said property from the operation of the attachment;

"NOW THEREFORE, we, the undersigned, residents of and householders in the said state of California, in con-sideration of the premises, and of the release from said attachment of the property attached, do hereby jointly and severally undertake, in the sum of nine hundred and fifty dollars ($950), and promise to the effect that in case the said plaintiff shall recover judgment in said action against the defendants *or any of them* such defendants will, on de-mand, ~~redeliver the attached property so released to the proper officer to be applied to the payment on any judgment in such action against said defendant, or in default thereof,~~ that such defendants and the undersigned will on demand pay to the plaintiff the full value of the property so released, not exceeding the amount of such judgment against such defendants *or any of them* and not exceeding the said sum of Nine hundred and fifty dollars ($950.).

> "S. Barloggi
> "Chas. Pfau."

The words inserted we have italicized. The words struck out we have so indicated. There is no allegation that this plaintiff was present or had any knowledge of the changes; nor that it authorized any part or portion of the changes. In its changed and altered form the sheriff accepted the undertaking and released the property theretofore attached. Continuing, the plaintiff alleges that in its action against W. E. Cochran et al., it obtained judgment for the full

amount sued for, that it took out execution and collected $138.75 and no more; that it then filed a suit on the undertaking, but that judgment was rendered against it in the trial court because the undertaking had been altered, etc. It is further alleged that said last-mentioned judgment has become final.

The plaintiff asserts that the defendant sheriff negligently released the attached property upon an insufficient undertaking. If he did then the complaint would be sufficient and the demurrer should have been overruled. But the defendants reply that the undertaking in its original form and also in its altered form was entirely sufficient. They cite and rely on *Central California Creditors' Assn.* v. *Seeley,* 91 Cal. App. 327 [267 Pac. 138]. The reply is complete. That case is directly in point. But in its reply brief the plaintiff attempts to distinguish that case from this. It asserts that the facts in the Seeley case were that the undertaking in its original form was accepted by the sheriff, the property was released, and thereafter the alterations were made. To that reply we think there are two answers. In the first place the facts of that case, as stated by the plaintiff, do not appear on the face of that decision. In the second place we think the plaintiff is mistaken as to the rule of law applicable to the case. Not every alteration of a written instrument will prevent a recovery. (1 Cal. Jur. 1078.) It was not alleged that the plaintiff altered the undertaking. It is argued, however, that the sheriff was, in certain aspects, the plaintiff's agent in levying the attachment and that his acts were the plaintiff's acts. That is too broad. It was not alleged that the sheriff was the agent of anyone for the purpose of altering undertakings nor to give consent to such alterations. Such allegation was necessary because such facts will not be presumed. (*California Savings etc. Bank* v. *Wheeler,* 216 Cal. 742, 746, 747 [16 Pac. (2d) 737].) Neither do the cases turn on whether the alteration was made before or after delivery. In *Humphreys* v. *Crane,* 5 Cal. 173, the allegation was that the note sued on was altered after delivery, but recovery was allowed. In *Union Oil Co.* v. *Mercantile Refining Co.,* 8 Cal. App. 768 [97 Pac. 919], the form of the instrument was altered before delivery, but recovery was allowed as on the original form of the bond. But in neither case was the alteration

made by the plaintiff. Neither was it so made in the instant case.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.